IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANASTACIO SALVADOR RODRIGUEZ<br>4380 Fort Totten Dr., NE<br>Washington, DC 20011<br><br>PLAINTIFF,<br><br>v.<br><br>ADAMS RESTAURANT GROUP, INC.<br>d/b/a Claudia's Steakhouse<br>1501 K Street, NW STE R100<br>Washington, DC 20005<br><br>Serve: Corporation Service Company<br>1090 Vermont Ave., NW<br>Washington, DC 20005<br><br>And<br><br>CLAUDIA S. RIVAS<br>10215 Rocky Road Pl.<br>Waldorf, MD 20603<br><br>DEFENDANTS. | Case No.: |

## COMPLAINT

Plaintiff Anastacio Salvador Rodriguez ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendants Adams Restaurant Group, Inc. d/b/a Claudia's Steakhouse ("Adams"), and Claudia S. Rivas ("Rivas," collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law D.C. Code §§ 32-1301 *et seq.* ("DCWPCL") as set forth below.

## **PARTIES AND JURISDICTION**

1. Plaintiff is an adult resident of the District of Columbia. By participating as a named plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA.

2. Adams is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

3. Adams is a restaurant operating in the District of Columbia.

4. Rivas owns and operates Adams.

5. Plaintiff was employed at Adams as a cook.

6. At all times during Plaintiff's employment, Defendants used food products, cooking tools, and hardware related to food preparation and food service that originated and otherwise traveled outside of Washington, D.C. and the United States. Thus, Defendants were an enterprise engaged in commerce or the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. On information and belief, Defendants' gross revenue exceeded $500,000.00 each year during Plaintiff's employment and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely food products, cooking tools and other hardware related to food preparation and food service) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who was engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

9. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for purposes of the FLSA, DCMWA, and DCWPCL.

10. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

11. Rivas owned and operated Adams throughout Plaintiff's employment at the restaurant. Throughout Plaintiff's employment, Rivas:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b. Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

   c. Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

   d. Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

   e. Controlled, and was in charge of, Adams' day-to-day operations.

12. Defendants employed Plaintiff from roughly July 13, 2015 to March 19, 2016. Plaintiff primarily worked as a cook.

13. Initially, Defendants paid Plaintiff an hourly rate. On approximately September 13, 2015, Defendants began paying Plaintiff a salary at an annual rate of $55,000 per year, or $1,057.69 per week. This salary did not compensate Plaintiff for the hours he worked over forty (40) in each week ("overtime hours").

14. After Defendants began paying Plaintiff a salary, Plaintiff typically and customarily worked about seventy (70) hours per week. Defendants had knowledge that Plaintiff worked seventy (70) hours per week or Defendants suffered or permitted Plaintiff to work seventy (70) hours per week.

15. Defendants paid Plaintiff as if he was exempt from the overtime requirements of the FLSA, DCMWA, and DCWPCL. Plaintiff's primary work duties did not qualify for any exemption to these statutes.

16. Defendants failed to pay Plaintiff at one-and-one-half times (1.5x) his regular rate for his overtime hours.

17. Defendants failed to pay Plaintiff his final paycheck of roughly $850.00.

18. Defendants' failure and refusal to pay Plaintiff the wages he rightfully earned as required by the FLSA, DCMWA, and DCWPCL, including overtime at one-and-one-half times (1.5x) his regular rate, was willful and intentional, and was not in good faith.

### CAUSES OF ACTION

#### COUNT I
#### Violation of Federal Fair Labor Standards Act
#### (Overtime)

19. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

20. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

21. At all times, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

22. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

23. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

24. As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) his regular rate for all overtime hours he worked.

25. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

26. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

27. Plaintiff was Defendants' "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

28. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

29. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff

to work many overtime hours each week during Plaintiff's employment.

30. As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all the overtime hours he worked.

31. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the D.C. Wage Payment and Wage Collection Law
### (Unpaid Wages)

32. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

33. Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of the DCWPCL.

34. Under the DCWPCL, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

35. "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) *Overtime premium*; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

36. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

6

37. Defendants owe Plaintiff wages for work duties performed as set forth above.

38. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPCL.

39. Defendants' failure to pay Plaintiff all wages earned, owed, and required by the DCWPCL was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff*