UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANASTACIO SALVADOR RODRIGUEZ,   )
                                )
        Plaintiff,               )
                                )
v.                              )    Civil Action No. 1:16-CV-00977-EGS
                                )    Hon. Emmet G. Sullivan
ADAMS RESTAURANT GROUP, INC. D/B/A )
CLAUDIA'S STEAKHOUSE, ET AL.    )
                                )
        Defendants.              )
                                )

# DEFENDANTS ADAMS RESTAURANT GROUP, INC.'S AND CLAUDIA RIVAS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR RENEWED MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7(h) of the U.S. District Court for the District of Columbia, Defendants Adams Restaurant Group, Inc. d/b/a Claudia's Steakhouse ("ARG" or "Claudia's Steakhouse") and Claudia Rivas (collectively, "Defendants"), by and through undersigned counsel, hereby submit their Statement of Undisputed Facts in Support of their Renewed Motion for Summary Judgment:

## UNDISPUTED FACTS AS TO WHICH NO GENUINE ISSUE EXISTS

1.      Plaintiff was hired by ARG as a part-time Line Cook on or about June 22, 2015. As a Line Cook, Plaintiff was a non-exempt employee compensated at an hourly rate of $14. In this position, Plaintiff prepared ingredients and cooked food. *See* **Exhibit A**, relevant excerpts of Deposition of Claudia Rivas, Jan. 31, 2017 ("Rivas Depo., Vol. I"), at 72:12-15.

2.      On or about September 21, 2015, Plaintiff was promoted to the position of Sous Chef at an annualized salary of $55,000. *See* **Exhibit B**, ARG's Answers to Pl.'s First Set of Interrogs., Answer to Interrog. No. 9, at pp. 10-11. Plaintiff was classified as an exempt employee and therefore was not eligible for overtime, and did not clock in and out or otherwise

record his hours. *See id.* at Answer to Interrog. No. 11. He was paid the same salary regardless of the number of hours he worked per week. *See* Ex. A, Rivas Depo., Vol. I, 81:14-21.

3. For approximately the first month of his employment as Sous Chef, there was one other Sous Chef, Louis Benitez, employed at the restaurant. Thereafter, Plaintiff was the only Sous Chef employed by ARG. *See* **Exhibit C**, relevant excerpts of Deposition of Anastacio Salvador Rodriguez, Feb. 1, 2017 ("Rodriguez Depo., Vol. I"), at 63:12-20. While Plaintiff and Mr. Benitez were employed as Sous Chefs at the same time, one was responsible for the day shift and one was responsible for the night shift. *See* **Exhibit D**, relevant excerpts of Deposition of Charles Adams, Feb. 17, 2017 ("Adams Depo."), at 160:18-161:7.

4. During Plaintiff's tenure as Sous Chef, there was no Head Chef at the restaurant. *See* **Exhibit E**, relevant excerpts of Deposition of Anastacio Salvador Rodriguez, Feb. 16, 2017 ("Rodriguez Depo., Vol. II"), at 121:20-122:2. Although Ms. Rivas' title was Executive Chef, her primary residence is in Florida and she was only present at the restaurant 2-5 days per month. *See* Ex. A, Rivas Depo., Vol. I, 31:2-3; *see also* **Exhibit F**, relevant excerpts of Deposition of Claudia Rivas, Feb. 1, 2017 ("Rivas Depo., Vol. II"), at 404:3-9. She did not oversee kitchen operations. *See* Ex. A Rivas Depo., Vol. I, 187:10-11. Although the restaurant had a video camera that covered the kitchen area, its purpose was for security and anti-theft; Ms. Rivas did not monitor the video camera to supervise kitchen operations. *See id.* at 206:7-14; *see also* Ex. F, Rivas Depo., Vol. II, 404:15-405:2.

5. Under the Sous Chef were all of the kitchen staff, including Line Cooks and Dishwashers. *See* Ex. A, Rivas Depo., Vol. I, 174:14-17.

6. At the time Plaintiff was promoted to Sous Chef, he had over 19 years of experience in the culinary industry. *See* Ex. A, Rivas Depo., Vol. I, 212:4-13; 228:18-229:15.

7. The restaurant served lunch and dinner on weekdays (Monday through Friday) and dinner on weekend nights (Saturday and Sunday). See **Exhibit G**, Declaration of Marlon Alfaro ("Alfaro Decl.") at ¶ 6; *see also* Ex. A, Rivas Depo., Vol. I, 58:14-19.

8. Sous Chefs, including Plaintiff, wore an embroidered jacket that had their name and "Sous Chef" on it. Line cooks did not wear embroidered jackets. *See* Ex. A, Rivas Depo., Vol. II, 402:16-19.

9. Plaintiff was terminated from his employment on March 19, 2016. *See* Ex. B, Answer to Interrog. No. 9, at pp. 10-11.

Respectfully submitted,

ADAMS RESTAURANT GROUP, INC. AND
CLAUDIA RIVAS

By Counsel

/s/ Karen A. Doner
Karen A. Doner (Bar No. 458626)
Natalie A. Rainforth (Bar No. 999159)
Doner Law, PLC
1750 Tysons Boulevard, Suite 1500
Tysons Corner, Virginia 22102
Tel: (703) 462-5471
Fax: (703) 462-5437
kdoner@donerlawplc.com
npoteet@donerlawplc.com

*Counsel for Defendants*
