# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ANASTACIO SALVADOR RODRIGUEZ,   )
                                )
    Plaintiff,                    )
                                )
v.                              )   Civil Action No. 1:16-CV-00977-EGS
                                )   Hon. Emmet G. Sullivan
ADAMS RESTAURANT GROUP, INC. D/B/A )
CLAUDIA'S STEAKHOUSE, ET AL.    )
                                )
    Defendants.                   )
                                )

## DEFENDANT ADAMS RESTAURANT GROUP, INC.'S
## ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Adams Restaurant Group, Inc. d/b/a Claudia's Steakhouse ("ARG," "Defendant" or, together with Claudia S. Rivas, "Defendants"), by and through its counsel of record, pursuant to Rule 33 of the Federal Rules of Civil Procedure, answers Plaintiff Anastacio Salvador Rodriguez's ("Rodriguez" or "Plaintiff") First Set of Interrogatories, as follows:

### GENERAL OBJECTIONS

The following objections apply to each and every discovery request:

1.     Defendant objects generally to all discovery requests to the extent that they seek confidential information or trade secrets, privileged attorney-client communications, or attorney work-product material.

2.     Defendant objects generally to any of Plaintiff's discovery requests that are (a) not relevant to any party's claim or defense; (b) not proportional to the needs of the case; (c) unreasonably cumulative or duplicative; (d) unduly burdensome or expensive, or otherwise obtainable from some other source that is more convenient, less burdensome, or less expensive;

1

use of any additional information or documents it may subsequently obtain during the course of discovery and further investigation

8. All answers and responses are made expressly subject to these General Objections, regardless of any lack of specific reference. Where such objections are particularly pertinent, they have been specifically noted. Failure to specifically note such objections, however, should not be regarded as, and does not constitute, a waiver thereof.

### SPECIFIC OBJECTIONS AND INTERROGATORY ANSWERS

**INTERROGATORY NO. 1:** Identify all persons, other than attorneys, answering or supplying information used in answering these Interrogatories, and for each such person, state the scope of his or her knowledge.

**OBJECTION:** Defendant objects to this Interrogatory to the extent it is vague and ambiguous.

**ANSWER:** Subject to and without waiving its Objection, ARG responds as follows:

a. Claudia S. Rivas – Ms. Rivas has knowledge regarding all aspects of Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses thereto.

b. Charles M. Adams – Mr. Adams has general knowledge of the allegations in Plaintiff's Complaint and Defendants' Answer and Affirmative Defenses thereto.

c. Sharon Pellecchia – Ms. Pellecchia has knowledge of ARG's payroll practices and procedures.

All of the above individuals may be reached through Defendant's counsel of record.

**INTERROGATORY NO. 2:** Set out and describe in detail the factual basis for each denial of a factual allegation you set forth or allude to in your Answer to Plaintiff's Complaint and identify and describe each document that you contend constitutes evidence of or

3

provides support for each denial. Produce all documents that relate to your response to this Request.

**OBJECTION:** Defendant objects to this Interrogatory to the extent it is vague and ambiguous as to the phrase "allude to." Defendant further objects to this Interrogatory to the extent that it seeks information or documents protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory on the ground that it improperly demands the production of documents rather than seeking a written response.

**ANSWER:** Subject to and without waiving its Objection, Defendant responds as follows: In his role as Sous Chef, Plaintiff was exempt from federal and District of Columbia overtime requirements pursuant to the exemption for executive employees. He was compensated on a salary basis at a weekly rate of $1,057.69 ($55,000 annually). His primary duty was to manage the restaurant's kitchen operations and staff, in connection with which he customarily and regularly directed the work of several other employees. Plaintiff possessed the independent authority to hire and fire other employees and, in addition, his suggestions and recommendations as to the hiring, firing, advancement, promotion and other status changes of Company employees were given great weight.

In addition to overseeing and managing kitchen operations, Plaintiff was charged with establishing work schedules for himself and all kitchen staff; assessing the kitchen staff's performance and providing input regarding employee raises, promotions, write-ups, and the like; managing inventory and ensuring the restaurant was appropriately stocked at all times; enforcing health/sanitation regulations as well as safety standards; participating in the preparation and design of all food menus; producing plates of the highest quality (both in terms of taste and design) and overseeing others doing the same; ensuring that kitchen staff operated in a timely

and efficient manner while simultaneously meeting ARG's quality standards; assuming the role of Executive Chef, as necessary, in planning and directing food preparation; and taking control of and resolving problems involving kitchen staff and/or food preparation.

In classifying Plaintiff as an exempt employee during his time as Sous Chef, Defendants ARG and Rivas carefully evaluated the work he performed including, among other things, the employees he supervised and the extent to which he exercised discretion and independent judgment. Based on their reasonable understanding of the FLSA overtime rules, they concluded, in good faith, that Plaintiff was properly exempt from overtime requirements.

As an overtime exempt employee, Plaintiff was not entitled to additional compensation for hours worked over 40 in a workweek. Defendants have no knowledge of, nor should they have knowledge of, any alleged uncompensated work performed by Plaintiff. In the event Plaintiff did perform such uncompensated work, which Defendants deny, at no time was Plaintiff authorized to, required or requested to, or suffered or permitted to, work any of the hours which he now alleges were uncompensated. Plaintiff has been paid all compensation due him, including his final wages, and is thus owed nothing by Defendants.

Accordingly, the facts – both as alleged by Plaintiff and as will be revealed during discovery in this matter – are insufficient to establish the alleged violations of the Fair Labor Standards Act (FLSA), the D.C. Minimum Wage Act Revision Act (DCMWA), and/or the D.C. Wage Payment and Collection Law (DCWPCL).

The documents that ARG believes contain evidence of or provide support for its denials include those identified in Defendants' Initial Disclosures and elsewhere in these responses. Also, see the documents produced concurrently herewith. Discovery and investigation are ongoing and Defendant reserves its right to amend and/or supplement this response.

further objects to this Interrogatory on the grounds that it is vague and ambiguous in general, and specifically as to the term "supervising or management official."

**ANSWER:** Subject to and without waiving its Objection, and further limiting its response to alleged complaints of wage and hour violations against "supervising or management officials" *in connection with their employment at ARG*, Defendant responds as follows: Plaintiff Anastacio Salvador Rodriguez has brought claims against ARG and Claudia S. Rivas in the instant action; otherwise, none.

**INTERROGATORY NO. 7:** State the time and day of the week when the "Workweek" (as defined by 29 C.F.R. § 778.105) began and ended for Plaintiff for all times during the Relevant Period.

**ANSWER:** The workweek applicable to Plaintiff during his employment began on Sunday at 12:00 a.m. and ended Saturday at 11:59 p.m.

**INTERROGATORY NO. 8:** For every Workweek during the Relevant Period, separately state, by Workweek, the number of hours Plaintiff worked for you.

**ANSWER:** See time records produced in response to Request for Production No. 7.

**INTERROGATORY NO. 9:** State the rate of pay you paid Plaintiff for all times during the Relevant Period.

**ANSWER:** Plaintiff earned $14.00/hour for all time worked from the beginning of his employment (approximately June 22, 2015) up through September 10, 2015. From September 11, 2015 through September 20, 2015, Plaintiff earned $18/hour. Beginning approximately

10

September 21, 2015 and ending on the date of his termination (March 19, 2016), Plaintiff was paid an annual salary of $55,000/year.

**INTERROGATORY NO. 10:** State the amount and date of each payment you made to Plaintiff at any time during the Relevant Period and state which pay periods were covered by each such payment.

**ANSWER:** See payroll records produced in response to Request for Production Nos. 8 and 9.

**INTERROGATORY NO. 11:** Set out and explain all ways in which you kept, recorded, or took note of Plaintiff's work hours and pay during all times of his employment, listing which records you currently have in your possession and which records have been discarded.

**OBJECTION:** Defendant objects to this Interrogatory to the extent it is vague and ambiguous.

**ANSWER:** Subject to and without waiving its Objection, Defendant responds as follows: Prior to his promotion to Sous Chef, Plaintiff's time was recorded using the Aloha Time & Expense (Aloha T&E) timekeeping system. See time records produced in response to Request for Production No. 7. Defendant is in the process of attempting to retrieve additional records regarding Plaintiff from the Aloha T&E database. After his promotion to Sous Chef on or around September 20, 2015, Plaintiff was an overtime exempt employee and therefore did not record his hours worked. Plaintiff's rate of pay was entered into a computer using third-party software (Paychex, Inc.), and his pay amounts were recorded on pay stubs issued to him each pay period. See payroll records produced in response to Request for Production Nos. 8 and 9.

11

**INTERROGATORY NO. 12:** Set out by amount and date and describe all deductions and additions you made to or from Plaintiff's pay during all times Plaintiff worked for you during the Relevant Period, including but not limited to, all tax deductions and other deductions required by law.

**ANSWER:** See payroll records produced in response to Request for Production Nos. 8 and 9.

**INTERROGATORY NO. 13:** State any grounds upon which you or Claudia S. Rivas acted in good faith in not paying Plaintiff's overtime.

**OBJECTION:** Defendant objects to this Interrogatory to the extent it is vague and ambiguous. Defendant further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine.

**ANSWER:** Subject to and without waiving its Objection, Defendant responds as follows: As noted above in response to Interrogatory No. 2, in classifying Plaintiff as an exempt employee during his time as Sous Chef, Defendants ARG and Rivas carefully evaluated the work he performed including, among other things, the employees he supervised and the extent to which he exercised discretion and independent judgment. Based on their reasonable understanding of the FLSA overtime rules, they concluded, in good faith, that Plaintiff was properly exempt from overtime requirements.

**INTERROGATORY NO. 14:** Identify all communication that Claudia S. Rivas or any managing or supervising employee of Adams Restaurant Group, Inc. d/b/a Claudia's Steakhouse had with Plaintiff regarding Plaintiff's pay and/or hours worked at any time that Plaintiff was employed with you.

**OBJECTION:** Defendant objects to this Interrogatory to the extent it is premature and inconsistent with the deadline set forth in the Court's Scheduling Order.

**ANSWER:** Subject to and without waiving its Objection, Defendant responds as follows: With regard to experts, ARG will identify any expert witnesses in compliance with the Scheduling Order. Regarding non-expert witnesses, please see the individuals identified in Defendants' Initial Disclosures. However, discovery and investigation are ongoing and ARG reserves the right to amend and/or supplement its response.

ADAMS RESTAURANT GROUP, INC. D/B/A
CLAUDIA'S STEAKHOUSE

By Counsel

*/s/ Natalie Rainforth*

Karen A. Doner (Bar No. 458626)
Natalie A. Rainforth (Bar No. 999159)
Roth Doner Jackson, PLC
8200 Greensboro Drive, Suite 820
McLean, Virginia 22102
Tel: (703) 485-3537 / Fax: (703) 485-3525
kdoner@rothdonerjackson.com
nrainforth@rothdonerjackson.com

*Counsel for Defendants*
*Adams Restaurant Group, Inc. d/b/a Claudia's*
*Steakhouse and Claudia S. Rivas*

## VERIFICATION

I, Claudia S. Rivas, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of November, 2016.

_____
Claudia S. Rivas,
Vice President & Chief Operating Officer

18

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2016, I caused a copy of the foregoing document to be served upon the following via electronic mail and first-class mail, postage prepaid:

Michael K. Amster, Esq.
Zipin, Amster & Greenberg
8757 Georgia Ave, Suite 400
Silver Spring, Maryland 20910
Tel: (301) 587-9373
Fax: (301) 587-9397
mamster@zagfirm.com
*Counsel for Plaintiff*

_____
Natalie A. Ramforth