UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANASTACIO SALVADOR RODRIGUEZ,

*Plaintiff*,

v.

ADAMS RESTAURANT GROUP, INC.
d/b/a CLAUDIA'S STEAKHOUSE, *et al.,*

*Defendants.*

No. 16-cv-0977 (DLF)

**ORDER**

Before the Court is plaintiff Anastacio Salvador Rodriguez's Motion for Attorneys' Fees and Costs, Dkt. 87. For the reasons that follow, the Court will grant the motion.

**I.    BACKGROUND**

On May 24, 2016, Rodriguez sued Adams Restaurant Group, Inc. and Claudia Rivas for violating the Fair Labor Standards Act of 1938 (FLSA) and the D.C. Minimum Wage Act Revision Act of 1992 (DCMWA) by failing to pay him overtime and other wages.[1] *See* Compl., Dkt. 1. Following discovery, the defendants filed a motion for summary judgment, which the Court denied on April 23, 2018. *See* Mem. Op. & Order. The parties conducted a three-day trial from July 30, 2018 through August 1, 2018. On August 2, the jury returned a verdict in favor of the plaintiff, finding that he worked, on average, 44 hours of overtime per week from September 21, 2015 to March 19, 2016. Jury Verdict Form at 2, Dkt. 63. Following post-trial briefing, the Court ruled that the plaintiff was entitled to compensatory and liquidated damages in the amount

---

[1] Rodriguez also alleged that the defendants violated the D.C. Wage Payment and Collection Law, but that claim was later dismissed. *See* Mem. Op. & Order at 12, Dkt. 31.

of $179,459.88.  Order of J. at 1, Dkt. 84.  Rodriguez now moves for $289,264.70 in attorneys' fees and $11,808.12 in costs against the defendants, jointly and severally.  Rodriguez's Reply at 5, Dkt. 89; Rodriguez's Errata at 1, Dkt. 90.

## II.   LEGAL STANDARD

The FLSA and the DCMWA require the Court to award reasonable attorneys' fees and costs to a prevailing plaintiff.  The FLSA provides that a court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  And the DCMWA provides that a court "shall . . . allow costs of [an] action, including costs or fees of any nature, and reasonable attorney's fees, to be paid by the defendant."  D.C. Code § 32-1308(b)(1).

To calculate a reasonable fee award, courts "(1) determine the number of hours reasonably expended in litigation; (2) set the reasonable hourly rate; and (3) use multipliers as warranted."  *Salazar ex rel. Salazar v. D.C.*, 809 F.3d 58, 61 (D.C. Cir. 2015) (internal quotation marks omitted).  Under the DCMWA, the "reasonable hourly rate" is to be decided using a fee matrix that was originally compiled in *Laffey v. Nw. Airlines*, 572 F. Supp. 354, 371 (D.D.C. 1983) (subsequent history omitted), and is updated to account for inflation by the Legal Services Index (LSI) of the Bureau of Labor Statistics.  *See Herrera v. Mitch O'Hara LLC*, 257 F. Supp. 3d 37, 46 (D.D.C. 2017); *see also* D.C. Code § 32-1308(b)(1); *Salazar*, 809 F.3d at 62.  The DCMWA also provides that courts "shall use the rates in effect at the time the [fee] determination is made."  D.C. Code § 32-1308(b)(1).

The product of the reasonable number of hours expended and the reasonable hourly rate is called the "lodestar" amount and is presumptively reasonable.  *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Bd. of Trustees of Hotel & Rest. Employees Local 25 v. JPR, Inc.*, 136

F.3d 794, 801 (D.C. Cir. 1998).  Multipliers are applied only in rare, "exceptional" cases.  *Id.* (internal quotation marks omitted).  In all events, "the fee petitioner bears the burden of establishing all elements of his entitlement."  *In re North* (*Bush Fee Application*), 59 F.3d 184, 189 (D.C. Cir. 1995).

**III.    ANALYSIS**

The defendants do not dispute that Rodriguez is entitled to fees as a prevailing party.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (plaintiffs are "prevailing parties" if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit" (internal quotation marks omitted)); *see also Falica v. Advance Tenant Servs.*, 384 F. Supp. 2d 75, 78 (D.D.C. 2005) (applying the same standard to a fee petition in a FLSA action).  Nor do they dispute the reasonableness of the number of hours expended, or Rodriguez's entitlement to all costs as well as the fees incurred to prepare the current fees motion.  They dispute only whether the LSI *Laffey* Matrix applies and whether the fee award should be calculated using current or historic hourly rates.  Both issues are conclusively resolved by the plain text of the DCMWA.

**A.    The Applicable Matrix**

As amended in 2015, the DCMWA provides:

> In any judgment in favor of any employee under this section, and in any proceeding to enforce such a judgment, the court shall award to each attorney for the employee an additional judgment for costs, including attorney's fees computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services.

D.C. Code § 32-1308(b)(1); *see also* Wage Theft Prevention Amendment Act of 2015, § 2(g), 2014 D.C. Laws 20-157 (Act 20-426).  And the *Salazar* court used the LSI *Laffey* Matrix to calculate the fee award.  *Salazar*, 123 F. Supp. 2d at 14–15.  Thus, "D.C. law itself mandates that

the Court use LSI *Laffey* rates." *Serrano v. Chicken-Out*, 209 F. Supp. 3d 179, 197 (D.D.C. 2016); *see also Herrera*, 257 F. Supp. 3d at 46 ("[T]he statute's plain language requires use of the LSI *Laffey* matrix to determine the applicable rate."); Op. & Order at 1, *Cortes v. Saigon Kitchen, Inc.*, No. 18-cv-0500 (issued Oct. 11, 2018) ("The DCMWA requires the Court to apply so-called *Salazar* rates in calculating a fee award under the statute."). *But see Amaya v. Logo Enters.*, 251 F. Supp. 3d 196, 202 (D.D.C. 2017) (using a different matrix when neither party briefed the meaning of § 32-1308(b)(1)).

Despite the plain language of § 32-1308(b)(1), the defendants argue that the Court should instead use the *Laffey* matrix developed by the U.S. Attorney's Office (USAO) for the District of Columbia, which is adjusted for inflation using the Consumer Price Index for all Urban Consumers of the Bureau of Labor Statistics. *Serrano*, 209 F. Supp. 3d at 195. In support, they cite a series of cases in an attempt to show that the USAO *Laffey* Matrix is more reasonable. *See* Def.'s Opp'n at 4–6. But several of the cited cases predate the 2015 DCMWA amendment that expressly incorporated the LSI *Laffey* Matrix. *See Driscoll v. George Washington Univ.*, 55 F. Supp. 3d 106, 120 (D.D.C. 2014); *Bradshaw v. Jefferson Grill*, No. 11-cv-1558, 2012 WL 2803401, at *2 (D.D.C. July 10, 2012); *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 34 (D.D.C. 2010); *Pleitez v. Carney*, 594 F. Supp. 2d 47, 53 (D.D.C. 2009). And others involve fee statutes that, unlike the DCMWA, do not identify a specific matrix. *See Lewis v. D.C. Gov't*, 2018 WL 6308722, at *6–8 (D.D.C. Dec. 3, 2018) (suit brought under 42 U.S.C. § 1983); *Craig v. Mnuchin*, No. 14-cv-1340, 2018 WL 6079512, at *19 (D.D.C. Nov. 21, 2018) (same under Title VII of the Civil Rights Act of 1964); *Gatore v. U.S. Dep't of Homeland Security*, 286 F. Supp. 3d 25, 47 (D.D.C. 2017) (same under the Freedom of Information Act). The Court

declines the invitation to ignore a clear statutory mandate based on this case law and applies LSI *Laffey* rates to calculate the plaintiff's fee award.[2]

### B.   The Appropriate Rates

The defendants also argue in a footnote that Rodriguez should be awarded fees at the hourly rate for the year in which the work was performed. Def.'s Opp'n at 8 n.4. But again, the statute dictates otherwise. The DCMWA expressly provides that "[t]he court shall use the rates in effect at the time the determination is made." D.C. Code § 32-1308(b)(1). The Court will therefore award fees based on the current LSI *Laffey* rates.

### C.   The Final Award

Rodriguez seeks fees for the time of five attorneys and several paralegals at the LSI *Laffey* rate for each; he does not seek an upward or downward adjustment. *See* Rodriguez's Mot. at 6, Dkt. 87. The defendants do not dispute the reasonableness of the number of hours expended, and the Court is independently satisfied that the time expended was reasonable.

To establish the reasonableness of the time expended, a fee petitioner must provide documentation that is "sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982); *see also Role Models Am. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004) ("[S]upporting documentation must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." (internal quotation marks

---

[2] The defendants do not argue that the Court should segregate the time expended on the FLSA claim from the time expended on the DCMWA claim, and the Court finds that it would be unreasonable to do so. Both claims are highly intertwined, and Rodriguez prevailed on both. *Cf. Serrano*, 209 F. Supp. 3d at 197 n.8 (declining to segregate time expended on FLSA and state law claims).

5

omitted)). Rodriguez seeks fees and costs incurred for, among other things, researching and preparing the complaint, discovery, and briefs related to pretrial and post-trial motions, and preparing for and attending hearings, pretrial conferences, and trial. He also seeks fees incurred in connection with the litigation of this fees motion. *See* Rodriguez's Mot. Ex. 3 at 1; Rodriguez's Errata at 2; *see also Copeland v. Marshall*, 641 F.2d 880, 896 & n.29 (D.C. Cir. 1980) (hours reasonably devoted to fee litigation are compensable); *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 61 (D.D.C. 2013) (same).

Rodriguez has submitted multiple affidavits attesting to the skill of the relevant attorneys and the reasonableness of the time spent on the case. *See* Rodriguez's Mot. Ex. 2, Dkt. 87-2; *id.* Ex. 4, Dkt. 87-4. He also has submitted detailed billing records establishing that the completed tasks arose in connection with this litigation, that they were not duplicative, and that the time expended for each task was not excessive. *See id.* Ex. 3, Dkt. 87-3; Rodriguez's Errata at 2; *see also Herrera*, 257 F. Supp. 3d at 47. The Court therefore concludes that the fees sought are reasonable.

The Court also has reviewed the accounting of costs and finds that the $11,808.12 that Rodriguez seeks is reasonable. *See* Rodriguez's Mot. Ex. 3 at 23–25, *see also, e.g.*, *Serrano*, 209 F. Supp. 3d at 198 (awarding costs to a DCMWA and FLSA plaintiff); *Ventura*, 738 F. Supp. 2d at 34 (similar); *Bradshaw*, 2012 WL 2803401, at *2 & n.4 (similar).

## CONCLUSION

For all these reasons, it is

**ORDERED** that Rodriguez's Motion for Attorneys' Fees and Costs, Dkt. 87, is **GRANTED**. Accordingly, Rodriguez is awarded a total of $289,264.70 in attorneys' fees and $11,808.12 in costs.

The Clerk of Court is directed to close this case.

_____
DABNEY L. FRIEDRICH
United States District Judge

April 30, 2019